IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN CHAPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-62-J |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 16th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly analyze her therapist's 2019 opinion and failed to evaluate his 2018 opinion at all. As such, she contends that the ALJ committed legal error and that his decision is not supported by substantial evidence. The Court disagrees.

    As Plaintiff points out, her treating therapist Daniel Ayres, MSW, LCSW, submitted two opinions regarding her mental functional capacity, one dated December 19, 2018 (R. 711-13), and one dated December 20, 2019 (R. 944-47). Plaintiff asserts that the ALJ did not even address or mention Mr. Ayres' 2018 opinion. She claims that, because an ALJ must articulate how persuasive he found all of the medical opinions, the failure to address the 2018 opinion requires remand. *See* 20 C.F.R. § 416.920c(b); S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). While the Court agrees that the ALJ did not explicitly reference the 2018 opinion, his failure to do so does not warrant remand under the circumstances of this case.

    The Court first notes that, pursuant to the Social Security Administration ("SSA")'s regulations, when considering medical opinion evidence, an ALJ is "not required to articulate how [he or she] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(b)(1). Instead, the ALJ is to consider the opinions from the same medical source "in a single analysis." *Id.* Mr. Ayres' two statements essentially set forth the same opinion in the form of two different check-box forms dated a year apart from one another. Plaintiff does not argue – and the Court does not find – that the two opinions contain any material differences. Therefore, by citing the more recent of the two, essentially identical opinions, it appears that the ALJ was merely following the regulations' instruction to perform a single analysis of Mr. Ayres' opinions.

    Regardless, even if the ALJ technically erred in failing to expressly identify the 2018 opinion, the error would be harmless and thus would not require remand. "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). *See also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary where the error would not affect the outcome of the case). As noted above, there is no material difference between Mr. Ayres' 2018 and the 2019 opinions, and, as such, they constitute cumulative evidence that need not be discussed separately. *See McGraw v. Comm'r of Soc. Sec.*, 609 Fed. Appx. 113, 116 (3d Cir. 2015) (holding that failure to discuss a doctor's report is harmless where it was considered to be cumulative evidence "and the report therefore added nothing that the ALJ had not already taken into account"). Accordingly, the ALJ's analysis for one opinion would apply to the other without the need for further discussion. The Court emphasizes that "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Hayes v. Berryhill*, No. 3:17-CV-00648, 2018 WL 3596858, at *7 (M.D. Pa. June 20, 2018), *report and recommendation adopted*, No. 3:17-CV-648, 2018 WL

3584698 (M.D. Pa. July 26, 2018) (citations omitted).  Whether considered to be a single analysis under Section 416.920c(b)(1) or as a harmless error, the Court finds that the ALJ's analysis of the 2019 opinion adequately covers both opinions.

This, of course, does not end the Court's analysis, as Plaintiff argues that, in any event, the ALJ's consideration of the 2019 opinion did not comply with Section 416.920c.  In particular, she contends that the ALJ did not engage in the requisite analysis as to the supportability of Mr. Ayres' 2019 opinion in finding it to be unpersuasive.  Again, the Court disagrees.

As Plaintiff acknowledges, for cases such as this one, filed on or after March 27, 2017, the SSA's regulations have redefined what constitutes a medical opinion, how ALJs consider medical opinions, and the way ALJs discuss medical opinions in their decisions.  *See* 20 C.F.R. § 416.913.  Among other things, the new regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  Now, a medical source's treating relationship with the claimant is one of five factors at the ALJs' disposal as they determine the persuasiveness of the medical opinions, of which "the two most important factors" are consistency and supportability.  *Id.* at § 416.920c(a)-(c); 82 Fed. Reg. at 5853.  Because of their importance, an ALJ is required to explain how consistency and supportability were considered in making his or her findings.  *See id.* at § 416.920c(b)(2) & (c)(1).

While the ALJ's discussion of the persuasiveness of Mr. Ayres' opinion did not use the word "supportability," his decision as a whole is sufficient for the Court to determine that he did consider this factor in evaluating the opinion.  In finding the opinion unpersuasive, the ALJ cited to Exhibit 15F, which consisted of treatment records from Nulton Diagnostic & Treatment Center from December 18, 2019, and January 22, 2020.  (R. 24).  Nulton, of course, is the facility at which Plaintiff treated with Mr. Ayres, and the records in Exhibit 15F are those from around the time Mr. Ayres offered his 2019 opinion.  By referencing records from Nulton that were contemporaneous with the 2019 opinion, it appears that the ALJ was addressing supportability as well as consistency, as these records would have been a big part of the basis for Mr. Ayres' opinion.  Indeed, other than the treatment records, Mr. Ayres' opinions, both from 2018 and 2019, are mere check-box forms containing minimal objective support, so it is unclear what else needed to be said by the ALJ here.  Given the obvious overlap between the concepts of consistency and supportability, it is not surprising for the analysis to have intertwined the concepts.

The ALJ specifically referenced Global Assessment of Functioning ("GAF") scores assessed by Nulton personnel between October of 2019 and January of 2020, noting that they ranged from 55 to 60.  (R. 24, 903, 920, 962, 972).  While Plaintiff may question the continued validity of GAF scores in general, the Third Circuit has made it clear that GAF scores are evidence that an ALJ should consider in determining a claimant's impairments and limitations in setting forth the claimant's residual functional capacity and in fashioning a hypothetical question to the vocational expert.  *See Irizarry v. Barnhart*, 233 Fed. Appx. 189 (3d Cir. 2007).  In this

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

---

case, the Court notes that Plaintiff's GAF scores, ranging from 55 to 60, were particularly relevant, as such scores reflect only moderate symptoms, in contrast to the many marked and extreme limitations to which Mr. Ayres opined. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed., Text Rev. 2000). Moreover, this was not a situation where the ALJ was cherry-picking or ignoring medical assessments that ran counter to his finding. *See Rios v. Commissioner of Soc. Sec.*, 444 Fed. Appx. 532, 535 (3d Cir. 2011). Indeed, all of the GAF scores in the record were relatively high, and the ALJ properly considered this fact in evaluating the evidence.

It is important to remember that, in articulating their analysis, ALJs are not beholden to any "particular language" or "particular format." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole"). The ALJ's decision here, which also includes substantial discussion of treatment received at Nulton in general (R. 21), is sufficient for the Court to determine the basis and validity of his findings in regard to Mr. Ayres' 2018 and 2019 opinions.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ employed the proper legal standards and that substantial evidence supports her decision. The Court will therefore affirm.